# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 16 2020, 11:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEY FOR APPELLEE

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradley F. Wallace, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 16, 2020 <br><br> Court of Appeals Case No. 20A-CR-20 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable David D. Kiely, Judge <br><br> The Honorable Michael J. Cox, Magistrate <br><br> Trial Court Cause No. 82C01-1902-F6-1404 |

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Bradley Wallace (Wallace), appeals following his conviction for trespass, a Level 6 felony, Ind. Code § 35-43-2-2(b)(1).

[2] We affirm.

# ISSUE

[3] Wallace presents the court with one issue, which we restate as: Whether the State presented sufficient evidence to prove beyond a reasonable doubt that Wallace trespassed.

# FACTS AND PROCEDURAL HISTORY

[4] Prior to April 2018, Wallace's father, George, allowed Wallace to live in his home on Kleitz Road in Evansville, Indiana. However, Wallace refused to follow George's rules for the home, and George became afraid that Wallace would hurt him. On April 27, 2018, George contacted the Vanderburgh County Sheriff's Office (VCSO) and had a ban put in place prohibiting Wallace from being on George's property. The ban went into effect on April 28, 2018, and VCSO Deputy Mark Johnson (Deputy Johnson) advised Wallace in person on that day that Wallace was not allowed to come onto George's property unless he had George's permission. Deputy Johnson also informed Wallace that if he entered the property without George's permission, he would be arrested for trespass. Wallace indicated to Deputy Johnson that he understood the ban.

On February 26, 2019, Wallace came onto George's property and entered his garage. George discovered him and told Wallace to be gone by the time he returned from work. Later in the day George returned from work, but Wallace was still there. George called the VCSO, and Wallace was arrested.

On February 28, 2019, the State filed an Information, charging Wallace with Class A misdemeanor trespass which it alleged was elevated to a Level 6 felony due to a prior trespass conviction in 2018. On August 23, 2019, the trial court held Wallace's bifurcated jury trial. George testified on cross-examination that after the ban had been put in place, Wallace could have returned to retrieve any property he had at the home and visit, as long as he did not stay. On re-direct examination, George stated that after the ban was in effect, Wallace had never returned to the property until February 26, 2019.

In his closing statements, Wallace argued to the jury that he could not be convicted of trespass because, after the ban was in place, George consented to him being at the home. The State argued in response that George had never contacted the VCSO to have the ban formally lifted and George's oral consent was irrelevant because the trespass statute did not provide an exception for consent. The jury found Wallace guilty of Class A misdemeanor trespass, and Wallace admitted that he had the previous conviction for trespass as alleged in the enhancement Information. On December 5, 2019, the trial court sentenced Wallace to two years of imprisonment.

Wallace now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9]     Wallace argues that there was insufficient evidence to support the jury's verdict. It is well-established that when we review the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[10]    "A person who . . . not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person" commits criminal trespass, a Class A misdemeanor. I.C. § 35-43-2-2(b)(1). The offense is elevated to a Level 6 felony if the person has a prior conviction for trespass. *Id*. Here, the evidence showed that on February 26, 2019, Wallace entered George's property after Wallace had been given notice on April 28, 2018, that George had denied him entry by placing a ban against him and being told that, if he entered the property, he would be arrested for trespass. We hold this evidence to be sufficient to sustain Wallace's conviction. *See Blair v. State*, 62 N.E.3d 424, 426-28 (finding sufficient evidence of trespass where Blair entered a home after being told by its owner to leave).

Wallace acknowledges that he did not have a contractual interest in George's property and that he knowingly or intentionally entered on February 26, 2019. Wallace disputes that he was denied entry to the property for purposes of the trespass statute because the evidence showed that George consented to his presence there. In support of this argument, Wallace directs our attention to George's testimony during cross-examination which Wallace asserts showed that "George told Wallace that even after the ban Wallace was permitted to enter the property to obtain his belongings and to visit the family at the home, but Wallace was not permitted to stay there." (Appellant's Br. p. 5). Thus, Wallace argues, George rescinded the ban, and "Wallace was only on notice that he could enter the property if he wished but could not stay for an undefined amount of time." (Appellant's Br. p. 9).

We find this argument to be unpersuasive for at least two reasons. Wallace's argument is premised on a mischaracterization of George's testimony. Our review of the record leads us to conclude that even though George testified on cross-examination that he would not have minded if Wallace entered his property to briefly visit or retrieve his property, there is no evidence that George ever communicated that to Wallace after the ban was in effect. In addition, even if we were to assume, without deciding, that George could legally rescind his denial of entry with such statements, George testified that he told Wallace on February 26, 2019, to be gone from his property before he returned from work, which was a subsequent denial of entry. This is the evidence that supports the jury's verdict, and it is the only evidence we consider as part of our

review.  *See Drane*, 867 N.E.2d at 146.  Accordingly, we find that sufficient evidence supported the jury's verdict.

# CONCLUSION

[13]  Based on the foregoing, we conclude that the State proved beyond a reasonable doubt that Wallace committed the offense of trespass.

[14]  Affirmed.

Mathias, J. and Tavitas, J. concur